Filed 6/28/16  P. v. Webb CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C079892 |
| Plaintiff and Respondent, | (Super. Ct. No. 62133775) |
| v. | |
| TANNER NICOLAS WEBB, | |
| Defendant and Appellant. | |

Defendant Tanner Nicolas Webb pled guilty to various charges related to driving while under the influence of alcohol with prior violations.  Defendant contends the trial court erred in imposing the upper term because it considered improper aggravating factors and disregarded mitigating factors.  He also contends he received ineffective assistance of counsel when his attorney failed to object to the trial court's imposition of the upper term.  We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In September 2014, police stopped defendant for various violations, including expired registration, stopping beyond the limit line, and failure to use a turn signal. Defendant was also driving under the influence of alcohol, with a blood-alcohol level of 0.18 percent. Defendant had only in August 2014 completed his postrelease community supervision for a prior 2012 conviction for driving under the influence of alcohol and causing bodily injury to another person.

In March 2015, defendant pled guilty to driving under the influence (DUI) of alcohol with a prior DUI felony, driving while having a blood-alcohol level of 0.08 percent or higher with a prior DUI felony, and driving when his privileges were suspended for a prior DUI conviction. With respect to the first two charges, defendant admitted a prior DUI felony within the last 10 years, a prior prison term, and having a blood-alcohol content of 0.15 percent or higher. Defendant also admitted three prior DUI convictions.

The trial court sentenced defendant to an aggregate term of four years' imprisonment. The trial court imposed the upper term on the charge of driving under the influence with a prior DUI felony because it found no mitigating factors and because defendant had served a prior prison term and his prior record reflected numerous misdemeanor convictions increasing in frequency and seriousness. In addition, this was defendant's *fourth DUI conviction since 2005,* committed just one month after he completed postrelease supervision. The court commented, "[t]he safety of this community is thus required by this Court." Defendant appeals.

DISCUSSION

I

*Use Of The Prior Prison Term As An Aggravating Factor*

Defendant contends the trial court erred in imposing the upper term. According to defendant, it was error to consider his prior prison term as an aggravating factor, since

2

this factor was already taken into account in the Penal Code section 667.5 enhancement. Defendant also contends the trial court erroneously disregarded the mitigating factor of appellant's guilty plea and voluntary acknowledgement of his wrongdoing. (Cal. Rules of Court,[1] rule 4.423(b)(3).) The People disagree, contending defendant forfeited this argument by failing to object during the sentencing hearing. Given our determination the trial court did not abuse its discretion in imposing the upper term, we need not reach the forfeiture argument.

A trial court's decision to impose the upper term is subject to review for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) A trial court abuses its discretion only if it "relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision." (*Ibid.*) An upper term sentence may be based upon "any aggravating circumstance that the court deems significant" or any other circumstance, even if it is not enumerated in rule 4.421, so long as it is " 'reasonably related to the decision being made.' " (*Sandoval*, at pp. 847, 848, quoting rule 4.408(a).) " 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978; accord, *People v. Lai* (2006) 138 Cal.App.4th 1227, 1258-1259.)

To the extent the trial court considered defendant's prior prison term as an aggravating factor, we agree with defendant this was improper. Pursuant to Penal Code section 1170, subdivision (b), a "court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (See

---

[1]     Undesignated rule references are to the California Rules of Court.

also rule 4.420(c) ["a fact charged and found as an enhancement may be used as a reason for imposing the upper term only if the court has discretion to strike the punishment for the enhancement and does so"].)  However, reversal is not required, since a "single aggravating circumstance is legally sufficient to make the defendant eligible for the upper term," and here there were many.  (*People v. Black* (2007) 41 Cal.4th 799, 813.)  Despite defendant's contentions, his prior record consisted of numerous misdemeanor convictions increasing in frequency and seriousness, including multiple DUI convictions.  Indeed, the DUI at issue here occurred only one month after he completed postsupervision release for his previous DUI.  In these circumstances, the safety of the community is reasonably related to the court's sentencing decision and is a sufficient aggravating circumstance in support of imposition of the upper term.  (Rule 4.408(a).)

In addition, we find no error in the trial court's conclusion there were no mitigating factors because defendant pled guilty in March 2015, more than five months after the incident.  Even if, as defendant contends, his admission of guilt should have been a mitigating factor, the "trial court may 'minimize or even entirely disregard mitigating factors without stating its reasons.' "  (*People v. Lai*, *supra*, 138 Cal.App.4th at p. 1258.)

II

*Ineffective Assistance Of Counsel*

Defendant contends he received ineffective assistance of counsel because his lawyer failed to object during the sentencing hearing to the trial court's consideration of his prior prison term as an aggravating circumstance and to the trial court's failure to consider as a mitigating circumstance his admission of guilt.

To establish ineffective assistance of counsel, a defendant must show counsel's performance was "deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms."  (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)  Defendant must also show "resulting prejudice, i.e., a reasonable probability that, but for

4

counsel's deficient performance, the outcome of the proceeding would have been different." (*Ibid.*)

Since we have concluded the imposition of the upper term was proper, even if defense counsel had objected, it is not reasonably likely defendant would have received a more favorable sentence given the presence of additional aggravating factors, including the potential danger to the community and the increasing frequency and seriousness of defendant's convictions. (Rules 4.408(a), 4.421(b)(2).) We reject defendant's claim.

DISPOSITION

The judgment is affirmed.


                                                     /s/_____
                                                     Robie, J.



We concur:



/s/_____
Hull, Acting P. J.



/s/_____
Butz, J.



5